IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSS DETTMERING, FRANCIS MANGUBAT, and all other similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-1482-JLH-SRF |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10, and ABC COMPANIES 1-10, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| MICHAEL EICHLER, and all other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-1574-JLH-SRF |
| VBIT TECHNOLOGIES CORP., VBIT MINING LLC, ADVANCED MINING GROUP, DANH CONG VO a/k/a DON VO, PHUONG D VO a/k/a KATIE VO, SEAN TU, JIN GAO, and JOHN DOE INDIVIDUALS 1-10 and ABC COMPANIES 1-10, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**REPORT AND RECOMMENDATION**

Presently before the court in these civil actions[1] brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d), are the following motions: (1) a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), respectively, which was filed by defendant Jin Gao ("Gao"), (D.I. 145);[2] (2) a motion to dismiss for lack of personal jurisdiction and failure to state a claim under Rules 12(b)(2) and 12(b)(6), respectively, which was filed by defendant Phuong D Vo a/k/a Katie Vo ("Vo"), (D.I. 140);[3] (3) Plaintiffs' motion for leave to file a surreply brief to Gao's motion to dismiss (D.I. 153);[4] and (4) Plaintiffs' motion for leave to file a surreply brief to Vo's motion to dismiss (D.I. 155).[5] For the following reasons, I recommend that the court DENY the motions to dismiss and DENY as moot the motions for leave to file a surreply brief.

## I.  BACKGROUND

The parties engaged in a previous round of motion practice in these cases, and the court issued a Report and Recommendation on July 27, 2023 setting forth the factual background of the case. (D.I. 112) Plaintiffs filed their first amended complaint ("FAC") on October 25, 2023, and Gao and Vo now challenge the sufficiency of the amended pleading. (D.I. 131; D.I. 140; D.I. 145) The court writes primarily for the parties and the District Judge and will not repeat a lengthy recitation of the facts. To the extent that certain facts in the FAC are relevant to the resolution of the pending motions, they will be addressed in the court's analysis.

---

[1] Unless otherwise noted, all citations to D.I. numbers refer to the docket in lead Civil Action No. 22-1482-JLH-SRF.
[2] The briefing associated with Gao's pending motion to dismiss is found at D.I. 146, D.I. 150, and D.I. 152.
[3] The briefing and filings associated with Vo's pending motion to dismiss are found at D.I. 141, D.I. 142, D.I. 149, and D.I. 154.
[4] Plaintiffs' response to Gao's motion for leave to file a surreply brief is found at D.I. 157.
[5] Plaintiffs' response to Vo's motion for leave to file a surreply brief is found at D.I. 156.

## II. DISCUSSION

### A. Personal Jurisdiction

Vo and Gao both argue that the court lacks personal jurisdiction over them under the traditional Rule 12(b)(2) analysis because they are not residents of Delaware and have no minimum contacts with the state. (D.I. 141 at 11-13; D.I. 146 at 15-16) Plaintiffs respond that personal jurisdiction over Gao and Vo exists under the RICO statute. (D.I. 149 at 8-11)

There is no dispute that general personal jurisdiction exists over defendants VBit Mining LLC ("VBit Mining") and VBit Technologies Corp. ("VBit Tech;" together with VBit Mining, "VBit") because those entities are incorporated in Delaware. (D.I. 131 at ¶¶ 30, 32); *see Genuine Parts Co. v. Cepec*, 137 A.3d 123, 127-28 (Del. 2016) (explaining that general jurisdiction exists over a business in its state of incorporation); 10 *Del. C.* § 3104(c)(4). The Third Circuit has construed the RICO statute to provide for nationwide service of process over other defendants when personal jurisdiction can be established over at least one defendant in the civil RICO action. *Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 120 (3d Cir. 2020) (internal quotation marks and citations omitted); *see also* 18 U.S.C. § 1965(b). Thus, the court's personal jurisdiction over VBit may extend to the remaining defendants if the FAC states a plausible RICO claim.

For the reasons set forth at § II.C.2-4, *infra*, Plaintiffs have plausibly alleged causes of action for RICO violations against Gao and Vo. Because the court's personal jurisdiction over co-defendants VBit extends to Gao and Vo under the RICO statute, and because the FAC plausibly alleges that Gao and Vo joined those codefendants in a RICO conspiracy, this court has personal jurisdiction over Gao and Vo. Consequently, I recommend that the court DENY Gao and Vo's motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

### B. Improper Venue

In a brief passage, Gao also moves to dismiss the claims against him under Rule 12(b)(3) for improper venue because he is not a party to the contracts with VBit and Advanced Mining Group (collectively, the "Corporate Defendants"). (D.I. 146 at 16) Gao cites no case authority to support this as a proper basis for a Rule 12(b)(3) motion to dismiss.

Courts considering a Rule 12(b)(3) motion to dismiss based on a contractual forum selection clause must resolve any factual disputes and make all reasonable inferences in favor of the nonmoving party. *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1138-39 (9th Cir. 2004). A forum selection clause may bind a nonparty to the contract if: (1) the forum selection clause is valid; (2) the non-signatory is a third-party beneficiary or closely related to the contract; and (3) the claims against the non-signatory arise from the non-signatory's status in relation to the contract. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).

The allegations in the FAC reasonably support an inference that the forum selection clause binds Gao in this case. Specifically, the FAC alleges that Gao was a VBit executive and co-founder who actively recruited customers to enter into mining contracts and become recruiters themselves. (D.I. 131 at ¶¶ 13, 44, 77, 84-85, 123-25, 152-53) In exchange for his recruitment efforts regarding the mining contracts, Gao received rewards such as a luxury car. (*Id.*) Gao's alleged deception of customers entering into the mining contracts is central to the claims asserted against him in this litigation. (*Id.* at ¶ 211) Drawing all reasonable inferences in favor of Plaintiffs as the nonmoving parties, I recommend that the court DENY Gao's Rule 12(b)(3) motion to dismiss for improper venue.

### C. Failure to State a Claim

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

#### 1. Group pleading

Gao and Vo allege that the FAC should be dismissed under Rule 8(a) because it is an improper "group pleading" asserting the same misconduct allegations against all Defendants

5

collectively, and it fails to provide notice to Vo of the claims and specific conduct asserted against her. (D.I. 141 at 13-15; D.I. 146 at 16-17) Plaintiffs respond that the FAC identifies which claims are brought against each Defendant and describes each Defendant's role in the alleged conduct. (D.I. 149 at 12-13)

I recommend that the court DENY Gao and Vo's motions to dismiss for improper group pleading under Rule 8(a). To satisfy Rule 8(a), the FAC must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotation marks and citations omitted). Here, the FAC specifies the causes of action brought against Vo: RICO participation (Count I); RICO conspiracy (Count II); civil conspiracy (Count IV); conversion (Count V); and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count VII). (D.I. 131 at ¶¶ 206-23, 230-41, 251-57) The FAC also establishes that all counts except Counts VI, VIII, and IX are alleged against Gao. (*Id.* at ¶¶ 206-41, 251-57, 269-73)

The FAC also pleads specific factual allegations describing Gao and Vo's respective roles in the conduct at issue. As described at § II.B, *supra*, the FAC alleges that Gao was a VBit executive and co-founder who actively recruited customers to enter into mining contracts and become recruiters themselves. (D.I. 131 at ¶¶ 13, 44, 77, 84-85, 123-25, 152-53) The FAC states that Vo was also an integral part of VBit's formation and development because she inspired her ex-husband to launch the cryptocurrency mining business. (D.I. 131 at ¶¶ 40, 89) During a speaking engagement, she provided detailed information about the company's sales and the types of packages being purchased, demonstrating her understanding of the company's operations. (*Id.* at ¶ 91) Vo's title of "Operations Director" signified that she led training and oversight of the administrative support team responsible for fielding customer requests. (*Id.* at

6

¶¶ 90, 93) In this role, the FAC alleges that Vo "operated the main interface between VBit and customers and was responsible for misrepresentations made to customers by the VBit support team to maintain the fraudulent scheme." (*Id.* at ¶ 92) Moreover, the FAC avers that Vo was paid significant sums in cryptocurrency from an account used to manage VBit's cryptocurrency assets around the time that VBit was sold to Advanced Mining in early 2022. (*Id.* at ¶ 94) These allegations are sufficient to put Vo on notice of the specific conduct in which she is alleged to have participated. *See Phillips*, 515 F.3d at 232 (explaining that the complaint must contain sufficient factual allegations to provide fair notice and also the grounds on which the claim rests).

### 2. Counts I and II: The PSLRA bar

Gao and Vo again argue that Plaintiffs' federal claims for RICO violations at Counts I and II of the FAC should be dismissed because they are barred by the Private Securities Litigation Reform Act ("PSLRA"). (D.I. 141 at 15-16; D.I. 146 at 5-10) However, the FAC remedies the deficiencies in the original complaint that alluded to an actionable theory of securities fraud. Consequently, I recommend that the court DENY Gao and Vo's motion to dismiss Counts I and II under the PSLRA.

As discussed in the court's prior Report and Recommendation, § 107 of the PSLRA amended 18 U.S.C. § 1964(c) to broadly prohibit "conduct that would have been actionable as fraud in the purchase or sale of securities" from being used as an underlying predicate act for a RICO claim under § 1962. *Mathews v. Kidder, Peabody & Co., Inc.*, 161 F.3d 156, 157 (3d Cir. 1998); *see MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 278 (2d Cir. 2011). The original complaint expressly described Defendants' conduct as a violation of securities laws: "Plaintiffs and members of the Class sustained damages arising out of Defendants' common

course of conduct in violation of federal and state securities laws as alleged herein." (D.I. 1 at ¶ 184) Because this allegation plausibly implied an actionable theory of securities fraud, the court recommended dismissal and the recommendation was upheld. (D.I. 112 at 17; D.I. 128 at 3-4)

The FAC removes the averment describing the alleged conduct as a violation of the securities laws. Moreover, the FAC describes the mining packages and hosting services sold by Defendants in terms that do not satisfy the definition of a security under federal law. In *S.E.C. v. W.J. Howey Co.*, the Supreme Court explained that determining whether an investment contract is a security depends on "whether the scheme involves [1] an investment of money [2] in a common enterprise [3] with profits to come solely from the efforts of others." 328 U.S. 293, 301 (1946).

The pleaded averments in the FAC plausibly imply that the mining packages bought by Plaintiffs do not satisfy the common enterprise requirement, which involves "horizontal commonality" characterized by "a pooling of investors' contributions and distribution of profits and losses on a pro-rata basis among investors." *S.E.C. v. Infinity Grp. Co.*, 212 F.3d 180, 187-88 (3d Cir. 2000) (internal quotation marks and citations omitted). Specifically, the FAC alleges that Plaintiffs leased computer hardware with an option to purchase, and Plaintiffs' profits were derived from their individual use of their own hardware. (D.I. 131 at ¶¶ 106-09, 112-13) Although Plaintiffs' computational resources were pooled with those of other cryptocurrency miners to form "mining pools," these groupings were not limited to VBit customers, they had no bearing on the distribution of profits and losses, and they were used only "to strengthen the probability of successfully mining for cryptocurrency." (*Id.* at ¶ 105) Because these allegations do not rely upon conduct that would have been actionable as fraud in the purchase or sale of securities, I recommend that the court decline to apply the PSLRA bar.

### 3. Count I: RICO participation under 18 U.S.C. §§ 1962(c) and 1964(c)

Section 1962(c) makes it unlawful to "conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." To state a claim under § 1962(c), Plaintiffs must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (internal quotation marks and citations omitted). According to Gao, the FAC fails to plausibly establish the first and fourth elements of Plaintiffs' claim for RICO participation. (D.I. 146 at 11-14) Vo contends that the FAC does not identify with specificity the misrepresentations she allegedly made to Plaintiffs and does not establish the requisite intent to engage in the fraudulent conduct. (D.I. 141 at 18)

Viewing the pleaded allegations in the light most favorable to Plaintiffs, it is plausible to infer that Vo and Gao conducted or participated in the conduct of the alleged RICO enterprise's affairs in a manner that went beyond mere association with the enterprise. *See* 18 U.S.C. § 1962(c); *In re Ins. Brokerage*, 618 F.3d at 370-71. The FAC alleges that Gao co-founded VBit, served as a VBit executive, and was directly involved in sales of mining packages and recruitment of VBit customers to refer new customers to VBit. (D.I. 131 at ¶¶ 44, 123-30) These averments, taken as true, suggest that Gao exerted control over the enterprise and directly conducted or participated in the enterprise's affairs. *See In re Ins. Brokerage*, 618 F.3d at 378 (citing *Reves v. Ernst & Young*, 507 U.S. 170, 184-85 (1993)). The FAC also plausibly alleges that Vo held a key position of influence at VBit and interfaced with VBit customers in ways that maintained the fraudulent enterprise. (D.I. 131 at ¶¶ 40, 89-92) Even if Vo was not an official member of upper management, the FAC's allegations that she participated in the conduct of the enterprise are sufficient to satisfy the elements of a RICO participation claim at this early stage

9

of the proceedings. *In re Ins. Brokerage*, 618 F.3d at 378-79 (explaining that a lower-rung participant's knowing implementation of decisions by the enterprise's managers satisfies the "conduct" requirement).

Gao also alleges that the element of "racketeering activity" is not satisfied because the FAC does not plead the predicate acts of mail or wire fraud with sufficient particularity under Rule 9(b). (D.I. 146 at 13-14) However, the pleaded averments in the FAC are sufficient to put Gao on notice of the predicate acts of fraud asserted against him. Specifically, the FAC describes how Gao and his co-defendants "utilized the internet, credit card wire transactions, ACH bank wire transactions, and the promise of interstate shipping services" to carry out their scheme to market and sell cryptocurrency mining hardware that did not exist. (D.I. 131 at ¶¶ 1, 16, 127, 130, 174-77) These allegations, taken as true, are sufficient to plausibly establish "racketeering activity" at this early stage. Consequently, I recommend that the court DENY Gao and Vo's motion to dismiss Count I of the FAC.

### 4. Count II: RICO conspiracy under 18 U.S.C. §§ 1962(d) and 1964(c)

Section 1962(d) provides that "[i]t shall be unlawful to conspire to violate" § 1962(c). 18 U.S.C. § 1962(d). To plead a claim for RICO conspiracy under § 1962(d), a plaintiff must allege that the defendant "knowingly agrees to facilitate a scheme which includes the operation or management of a RICO enterprise." *Smith v. Berg*, 247 F.3d 532, 538 (3d Cir. 2001). This standard may be met "even if the defendant did not personally agree to do, or to conspire with respect to, *any* particular element" of the RICO enterprise. *Id.* at 537 (emphasis in original). A defendant must only "opt[ ] into or participate[ ] in a conspiracy" to be liable for the acts of co-conspirators in violation of § 1962(c). *Id.*

Vo argues that Plaintiffs' claim at Count II for RICO conspiracy must fail because the FAC's allegations as to Count I are deficient. (D.I. 141 at 18) This argument is not persuasive for the reasons set forth at § II.B.3, *supra*, which recommends denying the motion to dismiss Count I.

Gao adds that the FAC contains no allegations suggesting that Defendants entered into an "agreement" to participate in a RICO enterprise and commit the predicate acts of fraud. (D.I. 146 at 15) However, the FAC plausibly pleads that Gao participated in the fraudulent scheme despite his awareness of its fraudulent nature by describing his active role in promoting VBit, his control over the equipment purchased by customers, and his efforts to turn VBit customers int a sales force to recruit new VBit customers. (D.I. 131 at ¶¶ 84, 110-17, 123-25, 152-53) Therefore, I recommend that the court DENY Gao and Vo's motions to dismiss Count II.

### 5. Counts III and X: Fraud and negligent misrepresentation against Gao[6]

Gao argues in a conclusory manner that Plaintiffs' claims for common law fraud and negligent misrepresentation should be dismissed because they fail to meet the heightened pleading standard of Rule 9(b). (D.I. 146 at 17-18) For the reasons previously stated at § II.C.3-4, *supra*, the FAC contains particularized allegations about Gao's conduct. When taken as true, these averments are sufficient to satisfy the Rule 9(b) standard. Consequently, I recommend that the court DENY Gao's motion to dismiss Counts III and X.

### 6. Count IV: Civil conspiracy

Gao and Vo move to dismiss Plaintiffs' claim for civil conspiracy, arguing that the FAC fails to allege Gao and/or Vo entered into an agreement to conspire. (D.I. 141 at 19-21; D.I. 146

---

[6] Vo moves to dismiss Counts III and X, as well as Count VI for violations of the Delaware Uniform Deceptive Trade Practices Act and the Delaware Consumer Fraud Act. (D.I. 141 at 18, 22-24, 26) The court offers no recommendations on these arguments because Vo is not named as a defendant on these three counts in the FAC. (D.I. 131 at ¶¶ 224-29, 242-50, 269-73)

at 18) As acknowledged by Vo, "Plaintiffs do not need to prove the existence of an explicit agreement," so long as there are sufficient facts to infer the conspiracy from the alleged conspirators' conduct. (D.I. 141 at 20) (citing *In re Am. Int'l Grp., Inc.*, 965 A.2d 763, 806 (Del. Ch. 2009)). The FAC alleges facts that show Gao, Vo, and the other Defendants engaged in overt acts to sell cryptocurrency mining packages to unwitting customers. (*See, e.g.*, D.I. 131 at ¶¶ 16, 89-95, 179-84, 211) It is plausible to infer from these averments that Gao and Vo acted in concert in their efforts to sell customers the fraudulent mining packages. Consequently, I recommend that the court DENY Gao and Vo's motions to dismiss Count IV.

### 7. Count V: Conversion

Gao and Vo move to dismiss Plaintiffs' conversion claim with citations to Delaware authority, and Plaintiffs' answering brief relies on cases applying Pennsylvania law. The applicable standards under Delaware and Pennsylvania law are largely the same. To state a claim for conversion under Delaware law, Plaintiffs must allege: (1) a property interest in the allegedly converted property; (2) a right to possession of the property; and (3) the defendant's wrongful possession or disposition of the property. *Injective Labs Inc. v. Wang*, C.A. No. 22-943-WCB, 2023 WL 3318477, at *7 (D. Del. May 9, 2023) (citing *ESG Cap. Partners II, LP v. Passport Special Opportunities Master Fund, LP*, 2015 WL 9060982, at *15 (Del. Ch. Dec. 16, 2015)). Similarly, a claim for conversion under Pennsylvania law requires the deprivation of another's property right in a chattel, without the owner's consent and without lawful justification. *Burgos v. City of Phila.*, 270 F. Supp. 3d 788, 797-98 (E.D. Pa. 2017).

According to Gao and Vo, the FAC fails to state a claim for conversion because it groups Gao and Vo with all other Defendants instead of specifying how they were each individually responsible for converting Plaintiffs' property. (D.I. 141 at 21; D.I. 146 at 19-20) But neither

Gao nor Vo points to any authority imposing such a requirement at this early stage of the proceedings. The case authority cited by Gao, *Macrophage Therapeutics, Inc. v. Goldberg*, was a post-trial decision focused on proof of the elements by a preponderance of the evidence. 2021 WL 2582967, at *2 (Del. Ch. June 23, 2021). The FAC asserts the claim of conversion against all Defendants, claiming that Defendants misappropriated funds belonging to Plaintiffs by freezing their virtual wallets, refusing to return their mining equipment, and collecting money or Bitcoin from them. (D.I. 131 at ¶¶ 235-38) These allegations, taken as true, are sufficient to state a claim for conversion at this stage.

Gao also argues that the conversion claim should be dismissed because it restates Plaintiffs' claim for breach of contract. (D.I. 146 at 19-20) Even if the claims for breach of contract and conversion are mutually exclusive, however, Plaintiffs are not precluded from pursuing both claims in the alternative. *See AlixPartners, LLP v. Benichou*, 250 A.3d 775, 785 n.43 (Del. Ch. 2019); *Levert v. Phila. Int'l Records*, 2005 WL 2271862, at *3 (E.D. Pa. Sept. 16, 2005) (citing cases). For these reasons, I recommend that the court DENY Gao and Vo's motion to dismiss Count V.

### 8. Count VII: Pennsylvania's UTPCPL

Gao argues that the allegations in Count VII for violations of Pennsylvania's UTPCPL should be dismissed because Plaintiffs' contracts with VBit contain forum selection clauses placing venue in Delaware and choice of law provisions specifying the applicability of Delaware law. (D.I. 146 at 20) Both Gao and Vo also maintain that Count VII should be dismissed for failing to identify any conduct specifically attributable to them. (*Id.*; D.I. 141 at 26)

I recommend that the court DENY Gao and Vo's motion to dismiss Count VII. For the reasons stated at § II.B, *supra*, venue is appropriate in Delaware. Similarly, Gao and Vo's

13

position about the lack of specificity as to each Defendant is not persuasive for reasons stated throughout this recommendation. Moreover, the Pennsylvania Supreme Court has explained that the terms of the UTPCPL "evidence no geographic limitation or residency requirement relative to the Law's application." *Danganan v. Guardian Protection Servs.*, 179 A.3d 9, 16-17 (Pa. 2018). Because "the text of the UTPCPL does not preclude its application to non-residents," the contractual choice of law provision does not preclude Plaintiffs' claim. *Id.* at 17.

### D. Motions for leave to file sur-replies

Plaintiffs have not satisfied the requisite standard for seeking leave to file a sur-reply brief. A court may grant leave to file a sur-reply brief if it responds to new evidence, facts, or argument. *Drit LP v. Glaxo Grp. Ltd.*, C.A. No. 21-844-LPS-CJB, 2022 WL 605123, at *8 n.9 (D. Del. Feb. 18, 2022) (citing *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013)). Gao and Vo did not raise new arguments in their reply briefs, but instead responded to arguments raised in Plaintiffs' answering briefs regarding whether the court has subject matter jurisdiction over Plaintiffs' state law claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (D.I. 149 at 30; D.I. 150 at 21)

Moreover, the arguments raised in the proposed sur-reply briefs are moot based on the court's recommended denial of Gao and Vo's motions to dismiss Plaintiffs' civil RICO claims. Plaintiffs' motions request leave to address the issue of whether the court has subject matter jurisdiction over the state law claims under the (*Id.*) Regardless of whether CAFA applies, the court has subject matter jurisdiction over this case under RICO. *See Laurel Gardens, LLC v. Mckenna*, 948 F.3d 105, 124 (3d Cir. 2020) (holding that subject matter jurisdiction existed over state law claims where the motions to dismiss RICO claims under Rule 12(b)(6) were denied).

For these reasons, I recommend that the court DENY as moot Plaintiffs' motions for leave to file a sur-reply brief. (D.I. 153; D.I. 155)

### III. CONCLUSION

For the foregoing reasons, I recommend that the court DENY Gao and Vo's motions to dismiss and DENY as moot Plaintiffs' motions for leave to file sur-reply briefs. (D.I. 140; D.I. 145; D.I. 153; D.I. 155)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: August 1, 2024

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE